LAWRENCE (BRISSAC v.). See Case No. 1,888.

LAWRENCE (CLARK v.). See Case No. 2,827.

LAWRENCE (COGGILL v.). See Case No. 2,957.

LAWRENCE (CORNETT v.). See Case No. 3,241.

## Case No. 8,135.

### LAWRENCE v. CUPPLES et al.

[9 O. G. 254.]

Circuit Court, D. Massachusetts. Oct., 1875.

COPYRIGHT—GENERAL PLAN AND ARRANGEMENT—
ACCIDENTAL RESEMBLANCES.

In an action for infringement of a copyright, the question to be decided is whether the defendants have used the plan, arrangements, and illustrations of the complainant as the model of their own book, with colorable alterations and variations only to disguise the use thereof, or whether the work is the result of their own labor, skill, and use of common materials and common sources of knowledge, and the resemblances are either accidental or arising from the nature of the subject. [Cited in Bullinger v. Mackey, Case No. 2,127.]

[This was a bill in equity by Samuel E. Lawrence against Joseph E. Cupples and others, for the infringement of a copyright.]

C. D. Moore, for complainant.

O. S. Knapp and C. J. Brooks, for defendants.

SHEPLEY, Circuit Judge. Complainant is the publisher of a book called "The Advertiser and Collector's Chart," which he has duly copyrighted in accordance with the provisions of the act of congress [16 Stat. 212], and which he has the exclusive right of publishing. The publication is a monthly chart, published each month for the purpose of advertising generally, and also contains, in a tabular form, a list of debtors whose bills cannot be collected after due effort, alphabetically arranged, giving the names and address of the debtor and creditor, the amount of the claim, and in some instances the discount at which the claim will be sold for cash. The bill of complaint alleges that the defendants have published a book entitled "The New England Mercantile Guide," which is a copy of and from the tabular list above described, and prepared by Samuel E. Lawrence the complainant, and that it adopts the plan of Lawrence's work in arranging the names and residences of debtors and creditors, and in stating the amounts, and in the objects and purposes of said arrangement. The answer denies that the book published by the defendants is a copy, in whole or in part, of "The Advertiser and Collector's Chart," and denies that the complainant can have any valid copyright for any arrangement of the names of debtors and creditors, or any other classes of persons, or for stating amounts, or any other purposes of arrangement. The publication of the complainant is clearly one of that class embracing dictionaries, directories, catalogues, maps, and similar publications where the same sources of information being open to all, the author, by his copyright, only protects himself from a piracy of his own labors by a copy from his publication, but cannot exclude others from publishing similar maps or charts from their own surveys, or similar directories or catalogues, the result of their own labors and compilations, without copying the copyrighted publication or availing themselves of the labors of the author or compiler. Although the plan or arrangement of a book may be secured to the author if it be the product of his own genius, there does not seem in this case to be anything in a mere list of debtors and creditors, with their residences, and amounts and value of debts, which possesses any such novelty of plan or arrangement as would preclude any other person from making and publishing from his own independent sources of information similar lists.

The question is correctly stated by the learned counsel for the complainant to be whether the defendants have used the plan, arrangements, and illustrations of the complainant as the model of their own book with colorable alterations and variations only to disguise the use thereof, or whether the work is the result of their own labor, skill, and use of common materials and common sources of knowledge, and the resemblances are either accidental or arising from the nature of the subject. Curt. Copyr. 258, 260. Although many of the same names, residences, and amounts appear in the defendants' as in the complainant's tables, the answer positively denies that they were copied, and the uncontradicted proof is that they were derived from independent sources of information. One of the defendants testifies that the names of debtors are on bills placed in defendants' hands for collection, and that a great many of the subscribers (creditors) are persons they were doing business with previous to complainant's publication, and that they were obtained through their canvassing clerk. The list of names marked as identical in the two publications are testified to have been in possession of defendants previous to the publication of complainant's "chart" or of defendants' "guide." There is no evidence, therefore, of any infringement of any rights secured by his copyright to the complainant. Bill dismissed, with costs.